UNITED STATES DISTRICT COURT  ECF CASE

SOUTHERN DISTRICT OF NEW YORK  08 CV 00488 (LBS)

NIPPON YUSEN KAISHA a.k.a. NYK LINE,

                            Plaintiff,

- against -  MEMORANDUM IN SUPPORT OF APPLICATION FOR PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

AMERICAN HERITAGE FURNITURE, INC.,

                            Defendants.

      Plaintiff, by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, submits this memorandum in support of its request for an ex parte attachment of defendants' property within this district under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

      Plaintiff seeks to attach funds of defendants that might be in or passing through certain New York banks as security for plaintiff's claims against defendants as set forth in plaintiff's Verified Complaint. Such attachments can also reach EFTs (electronic funds transfers).

      Under the law of this Circuit, EFT's to or from a party are attachable by a court as they pass through banks located in that court's jurisdiction. *Aqua Stoli Shipping, v. Gardner Smith,* 460 F.3d 434, 436 (2d Cir. 2006).

      As set forth in the Verified Complaint, plaintiff's claims are for unpaid ocean freight and other charges brought pursuant to an ocean bill of lading contract of carriage. Such claims are maritime in nature. *Korea Exp. USA, Inc. v. K.K.D. Imports, Inc.,* 103 F.Supp.2d 682, 686 (S.D.N.Y. 2000).

      .

The procedure for obtaining an ex parte order of maritime attachment was summarized by the Second Circuit in *Aqua Stoli* as follows:

> Fed.R. Civ.P. Supp. Rule B(1). To begin the process, a plaintiff must file a verified complaint praying for an attachment and an affidavit stating that, to the best of the plaintiff's knowledge, the defendant cannot be found within the judicial district. Id. If the plaintiff's filings comply with these conditions, the court must enter an order authorizing the attachment, which the plaintiff may then serve on any persons in possession of the defendant's property located within the district. The order of attachment may be requested and granted ex parte, though notice of the attachment to the defendant via appropriate service is required. Id. Supp. Rules B(2), E(3).

*Id.* 460 F.3d at 438.

The declaration of the undersigned is submitted listing the efforts made to determine if defendant can be found in this district. The declaration establishes that, to the best of plaintiff's knowledge, defendant cannot be found in this district.

Local Admiralty Rule B.2 requires plaintiff to notify defendants in writing after an attachment is made. Under Supplemental Admiralty Rule E(4)(f), the defendant is entitled to a prompt post-attachment hearing at which the plaintiff is required to show why the attachment should not be vacated. Under Local Admiralty Rule E.1, such hearing shall take place within three court days of the attachment, unless otherwise ordered.

At this stage of the proceedings, the Court is not empowered to require that plaintiff post counter-security. Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides that the court may order counter-security for a counter-claim that arises from the transaction or occurrence that is the subject of the plaintiff's complaint. There is no counter-claim here. No other admiralty rule gives the court the power to require an attaching plaintiff to give counter-security. As

the Second Circuit said in *Result Shipping Co. Ltd. v. Ferruzi Trading USA,* 56 F.3d 394, 402 (2d Cir. 1995):

> [T]his Circuit has continued to adhere to our previously established position that a security bond need not be posted in connection with a prejudgment attachment in order to satisfy the requirements of due process.

In *Result Shipping,* the Second Circuit also made clear that state law remedies (such as CPLR 6212) which require the attaching party to post counter-security for defendant's potential costs and damages are inapplicable in a Rule B proceeding in U.S. District Court ("[s]tate practice with respect to prejudgment attachments has no place here").  *Id.* at 402, footnote 5.

Dated: New York, NY, January 22, 2008

                                      CICHANOWICZ, CALLAN, KEANE,
                                      VENGROW & TEXTOR, LLP
                                      Attorneys for Plaintiff

                                      By: _____Joseph De May, Jr._____
                                      Joseph De May, Jr. [JD-9105]
                                      61 Broadway, Suite 3000)
                                      New York, New York 10006-2802
                                      (212)344-7042